# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5312 | **DATE** | 7/14/2000 |
| **CASE TITLE** | Michael Spivey vs. Jerry L. Sternes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We issue a certificate of appealability with respect to two issues: 1) whether petitioner's trial attorney was constitutionally ineffective for failing to move to suppress petitioner's confession(other than because his interrogators physically beat him);and 2) whether the evidence introduced at trial was insufficient to prove petitioner's guilt beyond a reasonable doubt. Furthermore, we grant instanter petitioner's motion for extension of time to file his notice of appeal, grant petitioner's request to proceed in forma pauperis under F.R.A.P. 24(a) and 28 U.S.C. Section 1915, and order that petitioner be provided a copy of our May 22, 2000 opinion.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 17 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 00 JUL 14 PM 2:30 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MICHAEL SPIVEY,)
)
    Petitioner-Appellant)
)
vs.) No. 99 C 5312
)
JERRY L. STERNES,)
)
    Respondent-Appellee.)

## MEMORANDUM OPINION AND ORDER

Petitioner Michael Spivey is a prisoner at Big Muddy Correctional Center, where he is serving a 45-year sentence for first degree murder. On May 22, 2000, we denied his petition for *habeas corpus*. Petitioner wishes to appeal our judgment and therefore seeks a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and F.R.A.P. 22(b). This request is granted in part and denied in part.

We may issue a certificate of appealability only if we find that petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that petitioner must "demonstrate that an issue is debatable among jurists of reason or that the questions 'deserve encouragement to proceed further.'" Porter v. Gramely, 112 F.3d 1308, 1312 (7th Cir. 1997) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). We must either grant the certificate, indicating which specific issue or issues satisfy this standard, 28 U.S.C. § 2253(c)(3), or deny the request, stating why the certificate should not issue. F.R.A.P. 22(b)(1).

Petitioner raised four issues in his petition for *habeas* relief. First, he argued that the

state improperly excused a prospective juror because of her race, thereby violating his constitutional rights under Batson v. Kentucky, 476 U.S. 79, 89 (1986). We found this argument unpersuasive on the merits and we do not believe that reasonable jurists could disagree with our conclusions or that the Batson issue should proceed further. Second, petitioner argued that his trial attorney was ineffective for failing to move to suppress petitioner's arrest. We concluded that the petitioner had procedurally defaulted this claim from review in federal court. *See* Howard v. O'Sullivan, 185 F.3d 721, 725 (7th Cir. 1999). The factual and legal underpinnings of this holding are beyond reasonable debate.

Third, petitioner argued that his trial attorney was ineffective for failing to move to suppress his confession, which he alleged was involuntary because 1) his interrogators physically beat him, 2) he was intoxicated and subject to coercive police tactics during his interrogation, and 3) the statements his accomplices gave to the same interrogators were suppressed. We held that the first ground was procedurally defaulted because petitioner had never raised the issue of physical abuse at any point in state court. That conclusion is not appealable under the standards of 28 U.S.C. § 2253(c)(2). We addressed the other two grounds on the merits. We found that petitioner's trial attorney was not constitutionally ineffective under Strickland v. Washington, 466 U.S. 668 (1984), because, even if petitioner was intoxicated, the surrounding circumstances did not suggest a coercive police environment and the statements of his accomplices were suppressed on fact-specific grounds after plaintiff had already been tried and convicted. As to these issues, we can fathom a reasonable, dissenting opinion. The test as to whether a confession is voluntary depends on the totality of the circumstances. It is possible that another judge may deem petitioner's attorney deficient for

failing to challenge the confession based on the circumstances surrounding the interrogation.

Fourth, petitioner argued that the evidence introduced at trial was insufficient to prove his guilt beyond a reasonable doubt. Although the state produced no physical, scientific, or eyewitness evidence at trial, the state appellate court found that the petitioner's confession was sufficiently corroborated by other evidence to sustain the conviction. We held that the state appellate court applied the correct legal standard in a reasonable manner. *See* Jackson v. Virginia, 443 U.S. 307, 319 (1979). However, reasonable jurists may debate this holding. Therefore, we exercise our discretion under 28 U.S.C. § 2253(c)(2) and certify an appeal as to this issue as well.

For the reasons set forth above, we issue a certificate of appealability with respect to two issues: 1) whether petitioner's trial attorney was constitutionally ineffective for failing to move to suppress petitioner's confession (other than because his interrogators physically beat him); and 2) whether the evidence introduced at trial was insufficient to prove petitioner's guilt beyond a reasonable doubt. Furthermore, we grant instanter petitioner's motion for extension of time to file his notice of appeal, grant petitioner's request to proceed *in forma pauperis* under F.R.A.P. 24(a) and 28 U.S.C. § 1915, and order that petitioner be provided a copy of our May 22, 2000 opinion.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 14, 2000.